UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


A.K.T. (XXX-XX-6620)                          CIVIL ACTION NO. 09-cv-0680

VERSUS

U.S. COMMISSIONER SOCIAL                      MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION


### MEMORANDUM RULING

**Introduction**

Plaintiff, born in 1952, filed an application for supplemental security income payments based on an allegation of disability beginning December 25, 2000. This is her third application. ALJ W. Thomas Bundy found that Plaintiff had the following severe impairments: hypertension, status post mitral valve replacement, history of seizure disorder, and generalized anxiety disorder/depression. He determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, subject to some postural and moderate mental limitations. Plaintiff testified at the hearing about a prior job at a Paper Shack store. A vocational expert ("VE") who was at the hearing testified that the job qualified as past relevant work and was classified in the Dictionary of Occupational Titles at No. 290.477-014 (sales clerk). The ALJ asked the VE if a person with Plaintiff's RFC could perform the job, and the VE said that she could. The ALJ, based on that testimony, found that Plaintiff was not disabled at step four of the five-step sequential analysis.

After the ALJ's decision, Plaintiff obtained a functional capacity evaluation from Steve Allison, Doctor of Physical Therapy.  Plaintiff argued to the Appeals Council that there were limitations found in the Allison report that limited her sitting and standing abilities beyond those in the RFC assessed by the ALJ.  The Appeals Council denied a request for review.  Plaintiff filed this civil action seeking judicial review.  Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment.  For the reasons that follow, the Commissioner's decision will be reversed and remanded.

**Issues on Appeal**

Plaintiff lists two errors on appeal.  She complains that: (1) there was not substantial evidence that she had past relevant work in the cashier/sales clerk job and (2) the Allison report precludes substantial evidence to support the RFC found by the Commissioner.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).  "Substantial evidence is more than a scintilla and less than a preponderance.  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is justified only if there

are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Past Relevant Work**

The regulations require that a claimant's impairment prevent her from doing her past relevant work if she is to be deemed disabled.  The regulations also state that the agency will consider work experience to apply "when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity."  20 C.F.R. § 404.1565(a) and § 416.965(a).  Social Security Ruling 82-62 states that the work experience should have been of adequate duration "for the worker to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation."  The length of time for this depends on the nature and complexity of the work.

Plaintiff testified that she worked at Paper Shack about eight years earlier.  Her duties were stocking the shelves, making sales, and operating a cash register.  She said was fired after three months because her boss said she "couldn't quite grasp the register work." Plaintiff told a consultative psychologist essentially the same thing about why she was fired. Tr. 161.

Plaintiff argues that there is not an adequate factual basis to find that her short, failed attempt to work as a sales clerk amounts to past relevant work.  The Commissioner has rephrased Plaintiff's argument as a complaint that there is not objective evidence of her past

work, but that is not what Plaintiff argues. Plaintiff agrees that her testimony may establish past relevant work, but she does not agree that her testimony was enough to show the sales clerk job qualifies as such. The Commissioner has not offered any argument that Plaintiff's brief and unsuccessful attempt to learn the sales clerk job is nonetheless equivalent to past relevant work.

The undersigned finds that there is not substantial evidence in the record to support a finding that the Paper Shack job constituted past relevant work. There is no evidence the job "lasted long enough for [Plaintiff] to learn to do it" as required by the regulation. The only evidence on the issue is that Plaintiff could not learn to do it, and she was fired for that reason.

When a claimant does not have any past relevant work, which may be the case here, the analysis proceeds to step five and asks whether the claimant is capable of performing other jobs that exist in significant numbers. The VE testified that Plaintiff could, despite her RFC, perform the demands of the sales clerk job described in the DOT. There is not, however, any evidence regarding the number of such available jobs either in the national or Louisiana economies. Accordingly, the court cannot affirm the decision on that basis. A remand will be required for further exploration of the step four and step five issues. If the Commissioner again finds that Plaintiff can perform the sales clerk job, he should also address Plaintiff's testimony that she was not able to learn to operate the cash register. The remand will also provide the agency the opportunity to specifically address and weigh the

Allison report, and perhaps gather related evidence of Plaintiff's functional capacity. A

judgment will be entered consistent with this Memorandum Ruling.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd  day of August, 2010.


_____

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE